1

2

3

4

5

6

7                    **IN THE UNITED STATES DISTRICT COURT**

8                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9

10   ARMANDO CERDA,                          CASE NO. CV-F-05-00616 OWW LJO

11                     Plaintiff,            **ORDER ON PLAINTIFF'S SECOND**
                  vs.                        **MOTION TO REMAND** (Doc. 43)
12
     UNITED BROTHERHOOD OF
13   CARPENTERS AND JOINER OF
     AMERICA, et al ,
14
                      Defendants.
15   _____/

16          The above entitled action was removed to this Court on May 9, 2005.  Plaintiff Armando Cerda

17   filed a second motion to remand to State court on July 5, 2005. Defendants Jason Phillips and Northern

18   California Carpenters Regional Council filed an opposition on July 18, 2005.  Plaintiff filed a reply on

19   July 29, 2005. Pursuant to Local Rule 78-230(h), this matter is submitted on the pleadings without oral

20   argument.  Therefore, the hearing set for August 5, 2005 is vacated.  Having considered the moving,

21   opposition, and reply papers, as well as the Court's file, the Court issues the following order.

22                        **FACTUAL AND PROCEDURAL BACKGROUND**

23          Plaintiff Armando Cerda alleges tort claims against the Northern California Carpenters Regional

24   Council ("NCCRC"), one of its employees, Jason Phillips, and the United Brotherhood of Carpenters

25   and Joiners International ("Brotherhood").  The Brotherhood is the parent organization to NCCRC.

26          Cerda was a worker for an employer who was being picketed to try and organize the employees

27   to unionize.  The employer obtained an injunction against the picketers and ultimately the situation

28   turned violent.  Plaintiff was struck by defendant Jason Phillips resulting in hearing loss. Plaintiff sued

                                                     1

in State court, went to trial against Phillips and NCCRC and prevailed. During trial, plaintiff's counsel learned that the union parent, Brotherhood, may have been directing actions with the union subsidiary or that Phillips worked for the Brotherhood.  NCCRC moved for new trial, and it was granted.  Plaintiff amended the complaint to add the Brotherhood as a DOE 54.  Plaintiff moved to further amend the complaint, but the Brotherhood removed to federal court on May 9, 2005 before plaintiff was permitted to amend.

Cerda filed a prior motion to remand, which this Court denied on the grounds that Section 301 of the Labor Management Relations Act preempts the state law claims.  The Court found that the interpretation of the Brotherhood's constitution is necessary to establish the duty between Brotherhood and NCCRC as it relates to the claims alleged by plaintiff.  After the Court's ruling, plaintiff dismissed the Brotherhood and now proceeds against NCCRC and Phillips.

## ANALYSIS & DISCUSSION

### Removal

Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand. *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003).  Generally, removal to federal court requires that a federal claim appear on the face of the plaintiff's "well-pleaded complaint." *Dahl v. Rosenfeld*, 316 F.3d at 1076 -1077. Removability is determined at the time the notice of removal was filed. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347 (1939).  If the case was removable at the time, plaintiff cannot thereafter oust the federal court of jurisdiction by voluntarily changing the case so as to destroy the ground upon which removal was based. *Hill v. Rollen*, 615 F.2d 886, 889 (9th Cir. 1980).

If a claim 'arising under' federal law existed at the time of removal, the federal court has jurisdiction to adjudicate even though the federal claim has been dropped from the case and only state law claims remain. *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 715 (9th Cir. 1990); 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added).  This does not, however, compel remand of cases in which federal question jurisdiction existed at the time of removal if the federal claim is later dismissed. *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936

1   (9th Cir. 2003) (court had discretion to exercise supplemental jurisdiction over state law claims after

2   federal claim dismissed (unless dismissal was for lack of subject matter jurisdiction)).  Thus, plaintiff

3   may not compel remand by amending a complaint to eliminate the federal question upon which removal

4   was based.  *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213

5   (9th Cir. 1998) (immaterial that plaintiff had *right* to amend complaint without leave of court under

6   FRCP 15(a)).

7          "[T]he district court's decision to remand remains discretionary and is dependent upon what will

8   best accommodate the values of economy, convenience, fairness and comity." *Harrell v. 20th Century*

9   *Ins. Co.*, 934 F.2d 203, 205  (9th Cir. 1991) (district court may decide state claims at the same time).

10   Where the state and federal claims are *not* related, remand may be proper following dismissal of the

11   federal claim because the 'separate and independent' state claim now predominates. 28 U.S.C. § 1441(c).

12   In deciding whether to dismiss or remand, the court may consider whether plaintiff has engaged in

13   'manipulative tactics' after removal in order to get back to state court: "If the plaintiff has attempted to

14   manipulate the forum, the court should take this behavior into account in determining whether the

15   balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."

16   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 622 (1988).

17   **Manipulative Tactics**

18          It is obvious that plaintiff has engaged in manipulative tactics to get back to state court.  The case

19   was removed to this court and plaintiff sought to remand.  When the initial request for remand was

20   denied, plaintiff dismissed the defendant Brotherhood.  The claims against the Brotherhood were the

21   claims which gave rise to the federal jurisdiction and were the basis for removal.  The stipulation of

22   dismissal between plaintiff and the Brotherhood states that if the action is remanded, the Brotherhood

23   will be treated as being dismissed with prejudice.  "If the action is not remanded, both Plaintiff Cerda

24   and Defendant UBC International will stand with all of the rights that they possessed after the filing of

25   the above referenced dismissal without prejudice."  (Doc. 44, ¶2b.)  Thus, the evidence shows that

26   plaintiff dismissed the Brotherhood to manipulate jurisdiction.

27          Notwithstanding this manipulation, the Court must consider whether the case should be

28   remanded back to Fresno County Superior Court.  The case was removed to this Court after all the

discovery had been completed, a jury trial conducted, verdict entered and post-trial motions heard and decided. Had it not been for the long procedural history in Superior Court, the remand would not be warranted.  Judicial economy, however, warrants returning the case to Superior Court.

### CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED.  The clerk of the court is directed to remand this case to Fresno County Superior Court.

IT IS SO ORDERED.

**Dated:    August 1, 2005          /s/ Lawrence J. O'Neill**
b9ed48                              UNITED STATES MAGISTRATE JUDGE